IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 62,041-03






EX PARTE LEROY MANNING, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 2022703-B

IN THE 403RD DISTRICT COURT OF TRAVIS COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of attempt to commit sexual assault, and punishment was assessed at eight
years' confinement. Applicant's conviction was affirmed on appeal. Manning v. State, No.
03-03-00128-CR (Tex. App. --Austin, delivered June 24, 2004, no pet.).

 Applicant contends, inter alia, that he received ineffective assistance of counsel. 
Specifically, Applicant contends that trial counsel improperly failed to request a competency
hearing, failed to properly investigate the case, failed to interview or call Applicant's family
members or his treating physicians from Shoal Creek Hospital in his defense, and failed to
present a viable insanity defense.

 The trial court has entered findings that trial counsel was effective. However, we do
not believe that those factual findings are sufficient to completely resolve the issues
presented. Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it
is this Court's opinion that additional facts need to be developed and because this Court does
not hear evidence, the trial court is the appropriate forum. The trial court shall resolve those
issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order an
affidavit from trial counsel, Malcolm Nettles, or it may order a hearing. In the appropriate
case the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether trial counsel improperly failed to request a competency hearing, failed to
properly investigate the case, failed to interview or call Applicant's family members or his
treating physicians from Shoal Creek Hospital in his defense, and failed to present a viable
insanity defense. The trial court shall also make any further findings of fact and conclusions
of law it deems relevant and appropriate to the disposition of the application for writ of
habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 3RD DAY OF MAY, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.